{¶ 36} I must dissent from the result reached by the majority. I believe the appellee had no authority to change the POD designation.
 {¶ 37} I find the Miller case relied upon by the appellee and the majority is not applicable here. This case deals with the potential liability of a bank in honoring the guardian's instructions to change the beneficiary of the account. Miller
stands for the proposition the former beneficiaries cannot recover from the bank for wrongfully paying over the funds pursuant to the guardian's changes.
 {¶ 38} Likewise, I see no practical difference between a guardian changing the beneficiary in the middle of a term or on a renewal. The establishing of a POD account expresses the ward's wishes and the guardian cannot disregard those wishes except under her authority as given by the court.
 {¶ 39} A guardian must provide for the suitable and necessary maintenance of the ward out of the ward's estate, R.C. 2111.13. The guardian is not the "alter ego" of the ward, see Zuber,
supra. She may only act in furtherance of her duties to provide for the ward's needs, and the probate court is without power to permit her to enter into contracts not connected with the management of the ward's estate and person, Id.
 {¶ 40} The case of Witt v. Ward (1989), 60 Ohio App.3d 21,573 N.E.2d 201 provides an interesting twist on this issue. InWitt, the ward changed the beneficiary on her POD accounts without the knowledge of her guardian, and when the guardian learned of the change, he changed them back. The Court of Appeals for Preble County found the guardian acted improperly. The court held a guardian has no authority to prohibit or interfere with a ward's testamentary disposition, especially when there is no showing the change is in the best interest of the ward. Additionally, the mere establishment of a guardianship does not destroy the POD account created prior to the guardianship,Witt, at 206, citations deleted. The Twelfth District found nothing in the Miller case contradicted this holding, and noted the guardian must always be guided by the best interest of the ward.
 {¶ 41} I would find the appellee here only had authority to withdraw funds from the POD account in an amount needed to support the ward. It is clear these funds were not needed by the ward during his lifetime, and the appellee's stated reason for taking the funds was to pay the estate taxes after the ward died. I believe this is far outside her authority as guardian, and in no way related to the best interest of the ward. Further, it is highly suspect given that she is a remainderman of the will.
 {¶ 42} I would sustain the assignments of error.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to Appellant.